## Employment of Accountant by School District

ARNOLD, Deputy Attorney General, July 18, 1932.—You have asked us to advise you whether the provisions of section 2603 of the School Code of May 18, 1911, P. L. 309, as last amended by the Act of April 30, 1925, P. L. 382, prevent boards of school directors in districts of the second class from employing certified public accountants after the expiration of sixty days from the close of a fiscal year.

The section to which you refer must be read with section 2601. These sections follow:

"2601. The finances of every school district in this Commonwealth, in every department thereof, together with the accounts of all school treasurers, school depositories, teachers' retirement funds, teachers' institute funds, directors' association funds, sinking funds and other funds belonging to or controlled by the district, shall be properly audited as follows: . . .

"2603. In all school districts of the second and third class, by the proper city, borough or township controller or auditors therein. When in any school district of the second class the annual expenditures, exclusive of moneys received from the sale of bonds, shall exceed the sum of $500,000, such district may employ a certified public accountant within sixty days from the close of the fiscal year."

In our opinion, the language of section 2603 constitutes a definite limitation on the time within which the school board in any case may employ a certified public accountant under the authority of the section. If it were not so, the sixty-day limitation so clearly expressed by the legislature would have no meaning.

However, we regard the section as applying only to the employment of certified public accountants to assist in or to check on the regular annual audit. If at a time more than sixty days after the close of the fiscal year the board has reasonable grounds to believe that there has been fraud or misapplication of school moneys, and there remain available to the board civil remedies against the wrongdoers, or if criminal prosecution may be brought, we are of the opinion that the board, under its general authority to administer the affairs of the district, would have authority to expend a reasonable sum to obtain evidence for such a proceeding. If to obtain such evidence a skilled accountant must be employed, we believe that such employment is proper and lawful.

In Morton Borough School District, 18 Del. Co. R. 84 (1926), the Court of Common Pleas of Delaware County held illegal an expenditure of $50 paid to an accountant by a school district of the fourth class. The court pointed out that the School Code expressly authorized employment of accountants in districts of the second class only. However, the accountant in that case was employed simply to check up on the official auditors. The additional audit was not made in the course of any attempt to recover misappropriated moneys or to prosecute an offending official. We do not believe the principle of that decision is contrary to the conclusions we have just expressed.

Therefore, we advise you that under section 2603 of the School Code as amended, school districts of the second class may not employ certified public accountants to assist in or check on the usual annual audits unless such accountants are employed within sixty days after the close of the fiscal year, but that, if there is reason to believe that fraud has been committed, and if civil or criminal proceedings are available against the wrongdoers, such districts, in the course of reasonable efforts to secure evidence for such proceedings, may employ skilled accountants even though more than sixty days have elapsed since the close of the fiscal year.

From C. P. Addams, Harrisburg, Pa.